

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00057-CR
_____

DALLAS RAY SHAW, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR16076

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

After Dallas Ray Shaw pled guilty to manslaughter, a Hood County[1] jury assessed four years' imprisonment. *See* TEX. PENAL CODE ANN. § 19.04 (Supp.). The evidence shows that his nine-year-old son was shot and killed at home while Shaw was playing with his children. Shaw initially told authorities the gun fired after being struck by a ball and falling to the floor. Shaw later admitted he caught the gun and his finger pulled the trigger. Two weeks prior, Shaw's nine-year-old son had accessed another unsecured handgun and fired into the ceiling. On appeal, Shaw's counsel filed an *Anders*[2] brief and a motion to withdraw. After a full independent review of the record, we affirm the trial court's judgment.

Shaw's trial counsel has filed a brief stating that he reviewed the record and found no genuinely arguable issues that could be raised on appeal. The brief outlines the procedural history of the case and summarizes the evidence presented during the trial court proceedings. Since counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced, that evaluation meets the requirements of *Anders*. *See Anders*, 386 U.S. at 743–44; *Kelly v. State*, 436 S.W.3d 313, 318–20 (Tex. Crim. App. 2014). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

---

[1]This appeal was transferred to this Court from the Second Court of Appeals pursuant to a Texas Supreme Court docket equalization order. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). Accordingly, we apply the precedent of the Second Court of Appeals in deciding this case to the extent that it conflicts with our own. *See* TEX. R. APP. P. 41.3.

[2]*See Anders v. California*, 386 U.S. 738 (1967).

In his motion to withdraw, counsel states that he mailed to Shaw copies of the brief, the motion to withdraw, and the appellate record. Shaw was informed of his rights to review the record and file a pro se response.

By letter dated July 25, 2025, this Court informed Shaw that his pro se response was due on or before August 25, 2025. On September 3, 2025, we further informed Shaw that the case would be set for submission on September 24, 2025. We received no pro se response from Shaw.

We have reviewed the entire appellate record and have independently determined that no reversible error exists. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that no reversible error exists, we must affirm the trial court's judgment. *Id.*

We affirm the trial court's judgment.[3]

Jeff Rambin
Justice

Date Submitted:     September 24, 2025
Date Decided:       October 15, 2025

Do Not Publish

---

[3]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.